STATE OF CONNECTICUT *v.* REGINALD MARTIN
(12555)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued May 7—decision released July 23, 1985

*Laurence S. Hopkins,* assistant public defender, for the appellant (defendant).

*Robert A. Lacobelle,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

SHEA, J. On May 9, 1984, the defendant entered a written plea of nolo contendere to the charge of lar-

ceny in the first degree as defined in General Statutes
§§ 53a-119[1] and 53a-122 (a) (3).[2] The plea was accepted
by the court, *Melville, J.*, and, following the defend-
ant's waiver of his right to a presentence investigation
report, he was sentenced, pursuant to an earlier plea
bargain, to a term of five years in prison, suspended
after three years, with one year of probation. On
May 24, 1984, however, more than two weeks after he
had been sentenced, the defendant filed a motion to
withdraw his earlier plea of nolo contendere. The
motion was denied by the court on May 30, 1984. The
defendant has appealed, claiming that the trial court
erred in denying his motion to withdraw his plea of nolo
contendere because the state's failure to provide excul-
patory evidence nullified the voluntary and intelligent
character of his plea.[3] We find no error in the trial
court's ruling.

On June 20, 1983, at approximately 3:40 a.m., an
employee at the Stratford transfer station arrived at
work and discovered that two Mack trucks, each val-
ued at $27,500, had been stolen. The Stratford police
were immediately notified and given a description of
each vehicle. Later, at approximately 6:30 a.m., the

---

[1] "[General Statutes] Sec. 53a-119. LARCENY DEFINED. A person com-
mits larceny when, with intent to deprive another of property or to appro-
priate the same to himself or a third person, he wrongfully takes, obtains
or withholds such property from an owner. . . ."

[2] "[General Statutes] Sec. 53a-122. LARCENY IN THE FIRST DEGREE: CLASS
B FELONY. (a) A person is guilty of larceny in the first degree when he com-
mits larceny as defined in section 53a-119 and: (1) the property or service,
regardless of its nature and value, is obtained by extortion, (2) the value
of the property or service exceeds ten thousand dollars, (3) the property
consists of a motor vehicle having a value exceeding two thousand dollars,
or (4) the property is obtained by defrauding a public community, and the
value of such property exceeds two thousand dollars. . . ."

[3] The defendant also filed a motion to reargue the motion to withdraw
his plea and requested a hearing on the same. The motion to reargue was
denied by the court and the defendant included that ruling in this appeal,
claiming that he was entitled to a hearing on the withdrawal of his plea.
This claim is controlled by our disposition of the underlying issue.

Stratford police were informed by the state police that Trooper Joseph Froehlich and another trooper had stopped these vehicles at approximately 12:35 a.m. and had issued summonses for equipment violations to the operators. The operator of one of the trucks identified himself with a New Jersey operator's license as the defendant, Reginald Martin, residing at 782 Ocean Avenue, Jersey City, New Jersey.

On June 21, 1983, the Stratford police obtained a "mugshot" of the defendant from the Jersey City police department. On June 27, 1983, Froehlich was shown a photographic array containing nine color photographs of black males. He "immediately and without hesitation" selected the defendant's photograph as depicting the truck operator who had earlier identified himself as Reginald Martin, and to whom he had issued a summons. The defendant was arrested in New Jersey on a fugitive from justice warrant and subsequently waived extradition to Connecticut.

On September 22, 1983, the defendant, through counsel, filed a discovery motion which, inter alia, contained a general request for disclosure of exculpatory information or materials, citing General Statutes § 54-86c, Practice Book § 741 (1), and *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). This motion was granted by the court. After an arrest warrant for an alleged coparticipant in the truck thefts had been vacated because of a claimed incorrect police identification, the defendant filed a motion for supplemental disclosure to discover whether Froehlich had also identified the suspect who had been erroneously charged. This motion was denied without prejudice to its renewal at time of trial. The same ruling was made concerning the defendant's motion to suppress Froehlich's photographic identification of him.[4] Follow-

---

[4] A judgment "without prejudice" may be rendered in those situations where there is some reasonable ground for a conclusion that the issues should

ing denial of the defendant's pro se motion to dismiss this case based on the state's failure to disclose the previously requested information concerning Froehlich, the defendant entered his plea of nolo contendere. This plea was accepted after the court properly canvassed the defendant pursuant to Practice Book § 711.[5]

We begin our analysis with Practice Book § 720,[6] which specifically prohibits the withdrawal of a plea of guilty or nolo contendere[7] "after the conclusion of the

not be finally decided in the existing situation. *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704, 183 A.2d 603 (1962). "The effect of a denial of a motion or application 'without prejudice' will often prevent that ruling from becoming res judicata upon its merits and leave the matter open for further presentation and consideration in the same or another proceeding." *Varanelli* v. *Luddy,* 130 Conn. 74, 80, 32 A.2d 61 (1943).

[5] "[Practice Book] Sec. 711. —— ——ADVICE TO DEFENDANT
"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:
"(1) The nature of the charge to which the plea is offered;
"(2) The mandatory minimum sentence, if any;
"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;
"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and
"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

[6] "[Practice Book] Sec. 720. ——WHEN ALLOWED
"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[7] A plea of nolo contendere has the same legal effect as a plea of guilty on all further proceedings within the indictment. *North Carolina* v. *Alford,* 400 U.S. 25, 35–36 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977); see *State* v. *Godek,* 182 Conn. 353, 363–64, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct.

proceeding at which the sentence was imposed." Practice Book § 720; *State* v. *Kiss,* 3 Conn. App. 400, 488 A.2d 845 (1985). This section, restricting the authority of a court to permit withdrawal of a plea, is applicable to the defendant's May 24, 1984 motion to withdraw, which was filed fifteen days after the proceeding at which he was sentenced.[8]

In spite of Practice Book § 720, the defendant asserts that our case law establishes an exception that permits a postsentencing attack on the "voluntary and intelligent character of his plea" and allows withdrawal thereof if constitutional standards were not met when the court accepted the plea. We do not agree that the cases cited support the defendant's attempt to withdraw his plea in this case.

This court in *State* v. *Childree,* 189 Conn. 114, 454 A.2d 1274 (1983), allowed a defendant to withdraw his guilty plea after sentence had been imposed. In *Childree,* the defendant pleaded guilty to, inter alia, larceny in the first degree. Id., 115. Because the court failed to apprise the defendant of an element critical to the larceny offense and the record did not indicate that the defendant's counsel had adequately explained the larceny charge to him, however, we held that his plea was not "knowingly and voluntarily" made, in the sense that it did not constitute an intelligent admission that he had received " 'real notice of the true nature of the charge against him, the first and most univer-

---

1741, 68 L. Ed. 2d 226 (1981). The only practical difference is that the plea of nolo contendere may not be used against the defendant as an admission in a subsequent criminal or civil case. 4 Wigmore, Evidence (Chadbourn Rev. 1972) § 1066 (2), p. 81; Lenvin & Meyers, "Nolo Contendere: Its Nature and Implications," 51 Yale L.J. 1255 (1942).

[8] We point out that if the defendant had sought to withdraw his plea before sentencing, his claim would be evaluated on the basis of the requirements of Practice Book § 721. See *State* v. *Torres,* 182 Conn. 176, 185, 438 A.2d 46 (1980); *State* v. *Slater,* 169 Conn. 38, 362 A.2d 499 (1975); *Szarwak* v. *Warden,* 167 Conn. 10, 355 A.2d 49 (1974).

sally recognized requirement of due process.' " Id., 121, quoting *Henderson* v. *Morgan,* 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *Smith* v. *O'Grady,* 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941).

The defendant also relies on *State* v. *Anonymous (1980-9),* 36 Conn. Sup. 578, 421 A.2d 557 (1980), in which the Appellate Session of the Superior Court allowed the postsentencing withdrawal of a guilty plea that the trial court had accepted without explaining to the defendant that his plea operated as a waiver of his right to trial by jury and his right to confront witnesses. Again, as in *Childree,* it was clear from the record that the trial court had failed to advise the defendant that his plea constituted a waiver of some of his constitutionally protected rights. It was also significant in *Anonymous* that the state neither contested the fact that the taking of the plea was defective, nor objected to the defendant's postsentencing withdrawal. Id., 579.

In both *Childree* and *Anonymous* a defendant was allowed to withdraw his plea after sentence had been imposed. Superficially these cases appear to conflict with Practice Book § 720. In each case, however, it was clear on the record that the defendant's constitutional rights were violated by an improper canvass and a failure to advise the defendant of the consequences of his plea.

The acceptance of a plea of guilty or nolo contendere is governed by federal constitutional standards as well as state rules of practice. "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination . . . . [s]econd, is the right to trial by jury . . . [t]hird, is the right to confront one's accusers." *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Further, under the Connecti-

cut rules of practice, a trial judge must not accept a plea of nolo contendere without first addressing the defendant personally and determining that the plea is voluntarily made under Practice Book § 712[9] and that the defendant fully understands the items enumerated in Practice Book § 711. *State* v. *Godek,* 182 Conn. 353, 357, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976); *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332 (1971). The record clearly indicates that the defendant, Reginald Martin, was properly canvassed[10] and completely understood his waiver of constitutional rights.[11]

---

[9] "[Practice Book] Sec. 712. ————INSURING THAT THE PLEA IS VOLUNTARY

"The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

[10] "The Court: All right. The crime of Larceny in the First Degree involving a motor vehicle requires that the State establish an intent to steal that vehicle as to deprive the owner of his property personally and that the value of the vehicle be in excess of two thousand dollars.

"Mr. Fawcett: They were valued, your Honor, in excess of twenty-seven thousand dollars, each vehicle.

"The Court: I understand that. And those are the things that the State would have to prove to prove the crime of Larceny in the First Degree, as charged here.

"Do you understand my explanation of that offense to you?

"The Defendant: I understand."

[11] "The Court: Do you understand by entering a plea of nolo contendere I am required to make a finding of guilty? This, in all respects, except for civil litigation, amounts to a plea of guilty.

"Do you understand that?

"The Defendant: Yes.

"The Court: You further understand by entering such a plea you are giving up your right to a jury trial?

"The Defendant: Yes.

"The Court: Giving up your right to confront witnesses against you?

"The Defendant: Yes

"The Court: Giving up your right against self-incrimination?

"The Defendant: Yes."

The defendant does not claim that the trial court failed to comply substantially with the provisions of Practice Book § 711 or that the record fails to satisfy constitutional requirements for the acceptance of his plea. See *Boykin* v. *Alabama,* supra, 243. Indeed, he concedes that the canvass was proper. The defendant indicated that he had discussed his plea with his attorney and understood its ramifications. He was aware that a plea of nolo contendere was tantamount to a plea of guilty, and was cognizant of the agreed upon sentencing recommendation, which the court ultimately followed. Upon inquiry, the defendant's counsel said he knew of no reason why the court should not accept the plea. The trial court properly ruled, at the close of the canvass, that the defendant's plea was voluntary, made with full knowledge of the consequences and made with effective assistance of counsel.

It is in this fashion that *Childree* and *Anonymous* differ from the instant case. The records in those cases evidenced a clear constitutional deficiency in the trial court's acceptance of the plea. The defendant in this case merely raises an unsubstantiated claim that another suspect in the crime was misidentified by the same police officer who identified the defendant. He contends that the disclosure of such misidentification by the police officer who had identified him not only would be exculpatory, but would negate the voluntary nature of his plea.

It is important to note that the defendant could have acquired this claimed exculpatory evidence had he pursued his earlier motions for disclosure of this information and to suppress Froehlich's identification of him. He chose, however, not to pursue these avenues and instead entered a plea of nolo contendere. The defendant clearly understood his right to renew his motions for further disclosure and for a suppression hearing. His "intentional relinquishment" of these

rights functioned as a waiver. *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *State* v. *Shockley,* 188 Conn. 697, 706, 453 A.2d 441 (1982); *Talton* v. *Warden,* 171 Conn. 378, 385–86, 370 A.2d 965 (1976). A plea of nolo contendere is a waiver of all nonjurisdictional defects, including federal constitutional claims, which might otherwise be raised by way of defense, appeal or collateral attack. *United States* v. *Warden of Attica State Prison,* 381 F.2d 209, 212 (2d Cir. 1967); *Dukes* v. *Warden,* 161 Conn. 337, 343, 288 A.2d 58 (1971), aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45, reh. denied, 407 U.S. 934, 92 S. Ct. 2464, 32 L. Ed. 2d 817 (1972); *Consiglio* v. *Warden,* 160 Conn. 151, 166, 276 A.2d 773 (1970).[12]

We affirm the lower court's denial of the defendant's motion to withdraw his plea because of its lack of timeliness, as provided by Practice Book § 720, and because his plea, on the record, was knowing and voluntary.[13] We do not reach the question whether evidence of the information concerning the claimed misidentification of an accomplice by Froehlich would vitiate the

[12] This broad waiver of rights has been altered slightly by statute. General Statutes § 54-94a provides that a defendant may enter a plea of nolo contendere, conditional on the right to take an appeal from the trial court's denial of the defendant's motion to suppress or motion to dismiss when based on an unreasonable search and seizure. A plea of nolo contendere under this section does not constitute a waiver of all nonjurisdictional defects. See *State* v. *Ross,* 189 Conn. 42, 50 n.4, 454 A.2d 266 (1983). This statute, of course, is not applicable to the present case.

[13] We note that in federal practice a defendant who desires to withdraw his plea after sentence has been imposed must seek relief under 28 U.S.C. § 2255, while withdrawal prior to sentencing is permitted for "any fair and just reason." Fed. R. Crim. P. 32 (d). Under the statute referred to by the rule, the defendant must show that the trial court's acceptance of his plea constituted "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill* v. *United States,* 368 U.S. 424, 426, 82 S. Ct. 468, 7 L. Ed. 2d 417, reh. denied, 369 U.S. 808, 82 S. Ct. 640, 7 L. Ed. 2d 556 (1962). A hearing analogous to that required for a habeas corpus petition is ordinarily required where a motion for relief under § 2255 is filed.

defendant's plea on the ground that his plea was not sufficiently knowledgeable in the absence of such disclosure. In order to determine whether or not the information sought was truly exculpatory, evidence would be required as to the claimed erroneous identification. Additional evidence would be required concerning the defendant's decision to forego renewal of his motions and to enter a nolo contendere plea. Such inquiries are better pursued, as we have recently held in cases concerning inadequacy of counsel, by habeas corpus proceedings. *State* v. *Rivera,* 196 Conn. 567, 494 A.2d 570 (1985); *Myers* v. *Manson,* 192 Conn. 383, 393, 472 A.2d 759 (1984); *State* v. *Lasher,* 190 Conn. 259, 460 A.2d 970 (1983); *State* v. *Mason,* 186 Conn. 574, 442 A.2d 1335 (1982).

There is no error.

In this opinion the other judges concurred.