[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO WITHDRAW GUILTY PLEA
BACKGROUND
On April 3, 1998, the defendant, Anthony Carignan ("Carignan"), pleaded guilty in the captioned case to operating a motor vehicle under the influence of intoxicating liquor ("OUI") in violation of General Statutes § 14-227a. At the time of his plea, Carignan was represented by appointed counsel. After canvassing Carignan, the court (Tamborra, JTR) accepted his plea and imposed sentence. Carignan now moves to withdraw his plea asserting that he did not receive effective assistance of counsel. It is noted that Carignan was again arrested for OUI in December 2000 and the 1998 conviction exposes him to penalties as a second offender under § 14-227a. For the reasons set forth below, the court does not believe it has the authority to consider the motion and, accordingly, the motion must be dismissed.
 DISCUSSION
The general rule is that a defendant may not withdraw his or her plea after the conclusion of the proceedings at which the sentence was imposed. Practice Book § 38-26; State v. Garvin, 43 Conn. App. 142,159 (1996), aff'd., 242 Conn. 296 (1997); State v. Martin, 197 Conn. 17,20-21 (1985). Our law recognizes two exceptions to this general rule. First, a court may take action where the legislature grants a defendant the right to withdraw his plea after the time of sentencing. State v.Webb, 62 Conn. App. 805, 811 (2001). See also State v. Boulier,49 Conn. App. 702, 705 (1998) ("jurisdiction of . . . court terminates when the sentence is put into effect, and that court may no longer take any action . . ., unless it has been expressly authorized to act").
The second exception applies to situations where it is clear on the record that the defendant's constitutional rights were violated. Statev. Martin, supra 22; State v. Childree, 189 Conn. 114, 121 (1983). Our CT Page 3862 Appellate Court has described this second exception as permitting review in cases where the defendant asserts a constitutional claim that satisfies the requirements of State v. Golding, 213 Conn. 233, 239-40
(1989). State v. Webb, supra, 811. Golding requires, inter alia, that the record is adequate to review the alleged claim of constitutional error and that such constitutional violation clearly exists. Id.
Carignan does not assert that he has any statutory right to withdraw his plea nearly five years after he was sentenced. He does assert, however, that the so-called Golding exception discussed in State v. Webb
applies to the present motion. This claim is unpersuasive.
Upon examination, it is clear that Carignan is not asserting an obvious "on the record" constitutional defect in his 1998 guilty plea to OUI. Rather, he seeks to prove through an evidentiary hearing that his lawyer's "off the record" assistance was ineffective. Specifically, Carignan seeks to prove that his appointed lawyer provided inadequate explanations of (1) the proceedings, (2) possible defenses and (3) the ramifications of pleading guilty. Motion to Withdraw Guilty Plea. This is not the type of proceeding contemplated by the second exception discussed in Martin, Childree and Webb. Moreover, applying this exception to Carignan's ineffective counsel claim, it is evident that the present record, consisting only of a transcript of his guilty plea, is not adequate to meaningfully review such a claim.
 CONCLUSION
Because Carignan's motion to withdraw his guilty plea is made after sentencing, is not expressly authorized by statute and involves claims that require a hearing beyond the present record, the court lacks authority to consider his motion. Accordingly, the motion to withdraw guilty plea must be dismissed.
So ordered at Norwich, Connecticut this 18th day of March 2003.
Devlin, J. CT Page 3863