STATE OF CONNECTICUT *v.* JEREMIAH PEREZ
(AC 24417)

Foti, Schaller and DiPentima, Js.

Argued June 9—officially released September 14, 2004

*Jane E. Carroll*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph T. Corradino*, senior assistant state's attorney, for the appellee (state).

FOTI, J. The defendant, Jeremiah Perez, appeals from the judgment of conviction of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), rendered after the trial court accepted his plea of nolo contendere. On appeal, the defendant claims that the court improperly (1) accepted his plea and (2) concluded that it did not have jurisdiction to grant his postsentencing motion to withdraw his plea. We affirm the judgment of the trial court.

The record reflects that by substitute information, the state charged the defendant with the crimes of attempt to commit murder, assault in the first degree, criminal possession of a firearm and carrying a pistol without a permit. On April 2, 2003, as a result of plea negotiations, the defendant filed a written plea of nolo contendere to the charge of assault in the first degree, and the state nolled the remaining charges against him. The court canvassed the defendant, found that a factual basis existed for the plea and found that the plea was knowing, intelligent and voluntary. The court found the defendant guilty and imposed a twelve year sentence of incarceration. On April 14, 2003, the defendant filed a motion to withdraw his plea on the ground that his trial counsel had rendered ineffective legal assistance and pressured him into entering the plea. On April 24, 2003, the court held a hearing on the defendant's motion and, without hearing any evidence or argument concerning the motion, ruled that it lacked jurisdiction to entertain the motion. This appeal followed.

I

The defendant first claims that the court improperly accepted his plea because the court "affirmatively misinformed [him] of the circumstances under which he would be bound by his plea . . . ." We disagree.

The record reflects that at the April 2, 2003 hearing, the prosecutor set forth the factual basis for the plea. The court canvassed the defendant concerning the rights he was giving up because of his plea, the sentence to be imposed and the voluntary nature of the plea. The defendant does not challenge these inquiries. The court inquired of the defendant: "Do you realize that once I accept your plea, you will not be able to withdraw without my permission?" The defendant responded affirmatively. After concluding its canvass, the court sentenced the defendant.

The court accepted the defendant's plea and sentenced the defendant at the same proceeding. The defendant correctly points out that after the conclusion of the proceeding at which he was sentenced, the operation of Practice Book § 39-26[1] precluded him from making a motion to withdraw his plea. The defendant now posits that his plea was "unknowing and involuntary" because the court's representation concerning his ability to withdraw his plea was false. The defendant argues that the court "created a misunderstanding about the circumstances under which [he] would be bound by his [plea] agreement" in that the court led him to believe that he could seek the court's permission to withdraw his plea, but did not inform him that such "permission would be unavailable seconds later when the judge pronounced sentence."

The defendant concedes that he failed to raise his claim at trial and now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine codified in Practice Book § 60-5. We will review the claim under *Golding* because the record of the court's canvass is adequate for review,

---

[1] Practice Book § 39-26 provides in relevant part: "A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

and a claim that the court improperly accepted the defendant's plea because it was not knowing, intelligent and voluntary is of constitutional magnitude.[2] See, e.g., *State* v. *Silva*, 65 Conn. App. 234, 240, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). The claim, however, fails under *Golding*'s third prong because the defendant has failed to demonstrate that a constitutional violation clearly exists that clearly deprived him of a fair trial.

Due process requires that "every valid guilty plea must be demonstrably voluntary, knowing and intelligent . . . ." *State* v. *Watson*, 198 Conn. 598, 604, 504 A.2d 497 (1986). "[T]he trial court judge bears an affirmative, nondelegable duty to clarify the terms of a plea agreement. [U]nless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. . . . When a defendant pleads guilty, he waives important fundamental constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers. . . . These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences. . . .

"We, therefore, require the trial court affirmatively to clarify on the record that the defendant's guilty plea was made intelligently and voluntarily. . . . In order

---

[2] Despite the fact that a defendant's failure to make a timely motion to withdraw his plea ordinarily precludes review of claimed infirmities in the acceptance of the plea, our case law recognizes two instances in which an appellate court can review claimed infirmities in a plea that are not raised in a timely motion to withdraw. First, review of the claim is allowable where there is a specific legislative authorization to withdraw a plea after sentencing and, second, when review under *Golding*, is requested and appropriate. See *State* v. *Daley*, 81 Conn. App. 641, 645, 841 A.2d 243, cert. denied, 269 Conn. 910, 852 A.2d 740 (2004); *State* v. *Webb*, 62 Conn. App. 805, 811, 772 A.2d 690 (2001).

to make a knowing and voluntary choice, the defendant must possess an understanding of the law in relation to the facts, including all relevant information concerning the sentence. . . . The defendant must also be aware of the actual value of any commitments made to him by the court . . . because a realistic assessment of such promises is essential in making an intelligent decision to plead guilty. . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances." (Internal quotation marks omitted.) *State* v. *Gordon*, 69 Conn. App. 691, 696–97, 796 A.2d 1238 (2002); see Practice Book §§ 39-18 through 39-21. "[W]e conduct a plenary review of the circumstances surrounding [a] plea to determine if it was knowing and voluntary." *State* v. *Groppi*, 81 Conn. App. 310, 313, 840 A.2d 42, cert. denied, 268 Conn. 916, 847 A.2d 311 (2004).

Having reviewed the court's canvass in detail, we conclude that the court substantially complied with the provisions of Practice Book §§ 39-19 and 39-20, and the defendant does not argue to the contrary. Compliance with these provisions "ensure[s] that a defendant's plea is made in both a knowing and voluntary manner. Our Supreme Court has stated that a court may validate a guilty plea with substantial, rather than literal, compliance with these sections of the rules of practice. . . .

"There is no requirement that the defendant be advised of every possible consequence of such a plea. . . . [E]xcept for those inquiries either constitutionally mandated or required by our rules, the court is not obligated to assume the role of the defendant's counselor. . . . Stated otherwise, [t]he failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense." (Citations omitted; internal quotation marks omitted.) *State* v. *Benitez*, 67

Conn. App. 36, 43–44, 786 A.2d 520 (2001), cert. denied, 259 Conn. 922, 792 A.2d 855 (2002).

The defendant implicitly argues that the court promised him that he would have the right to withdraw his plea in the future. This is not the case. The court told the defendant that he could seek the court's permission to withdraw his plea. The court then sentenced the defendant. The defendant represented that he understood the sentence to be imposed. The defendant did not object to being sentenced immediately following the acceptance of his plea and, in this regard, waived his right to a presentence investigation.

Having reviewed all of the relevant circumstances surrounding the defendant's plea, we conclude that the defendant has failed to persuade us that it was not knowingly and voluntarily entered. The court did not mislead the defendant with regard to the consequences of his plea or the circumstances under which he would be bound by the plea agreement. The defendant apparently argues that the court should have waited an undetermined amount of time before sentencing him or should have informed him that once the court sentenced him, the court would lack the authority to grant a motion to withdraw the plea. No authority supports either proposition. The defendant views the court's statement as a promise to him, one that is not at all apparent from the statement or canvass itself, that the court would permit him to withdraw his plea in the future.

The defendant argues that *State* v. *Garvin*, 242 Conn. 296, 699 A.2d 921 (1997), and *State* v. *Gordon*, supra, 69 Conn. App. 691, support his proposition that the court "unquestionably created a misunderstanding about the circumstances under which the defendant would be bound by his [plea] agreement," thereby rendering his plea involuntary. We disagree.

The defendant in *Garvin*, having pleaded guilty to several crimes as part of a plea agreement with the state, failed to appear for sentencing. *State* v. *Garvin*, supra, 242 Conn. 300. When the defendant failed to appear, the trial court informed the defendant's counsel that it was no longer bound by the plea agreement and that it would not permit the defendant to withdraw his pleas. Id., 300–301. The defendant subsequently was apprehended and brought before the court. Id., 301. The court denied the defendant's motion to withdraw his plea as to one count and sentenced the defendant. Id. On appeal, the defendant argued that his guilty pleas were not knowing and voluntary because he did not understand that he could not withdraw his pleas if he failed to appear for sentencing. Id., 311. Our Supreme Court noted that the trial court, during its canvass of the defendant, "did not say, in so many words, that the defendant would not have a right to withdraw his guilty pleas if he failed to appear for sentencing." Id. The court stated that "[i]f this omission had, in fact, created any misunderstanding about the circumstances under which the defendant would be bound to the plea agreement, the guilty pleas would have been entered unknowing[ly] and, therefore, involuntar[ily]." Id.

The court concluded that the record did not support the defendant's claim that he had been misled concerning the terms and conditions of the plea bargain. Id. The court stated that when the defendant sought to withdraw his pleas at the sentencing hearing, he did not argue "that he had expected to have the right to withdraw his pleas, after failing to appear, if the court imposed a harsher sentence than originally stipulated." Id. Further, the court noted that the defendant had not claimed that he was confused concerning the operative terms of the plea agreement, first, before the Appellate Court and, second, before the Supreme Court. Id., 311–12.

The defendant in *Gordon* raised a very similar claim. The defendant, having entered a guilty plea, failed to appear for sentencing. The defendant was subsequently arrested, and the court, deeming the defendant bound by her earlier plea, imposed a sentence in excess of that set forth in the plea agreement. On appeal, the defendant argued that her plea "was not knowing and voluntary because she did not know at the time that she entered the plea that she would be bound by it if she did not appear for sentencing." *State* v. *Gordon*, supra, 69 Conn. App. 694.

On appeal, this court asked "whether the court's colloquy with [the defendant] created any misunderstanding about the circumstances under which she would be bound by the [plea] agreement, thereby resulting in an unknowing plea." Id., 699. The court stated that the trial court "did not specifically state that the defendant would not be able to withdraw her plea if she did not appear . . . ." Id., 699–700. The court, nevertheless, concluded that "the record [did] not support the conclusion that this omission created a misunderstanding as to the terms of the plea agreement." Id., 700. The court determined that the trial court had apprised the defendant about the actual sentencing possibilities and, therefore, that she had entered her plea knowingly and voluntarily. Id.

In *Garvin* and *Gordon*, the issue was whether the pleas were knowing and voluntary when the court had failed specifically to state that as part of the plea agreements, the defendants would not be able to withdraw their pleas if they failed to appear for sentencing. Stated otherwise, the issue concerned whether the defendants were aware that the court could enforce the terms of the plea agreements, insofar as they related to the consequence of a failure to appear for sentencing. In the present case, the claimed infirmity in the court's canvass does not relate to the circumstances under

which the defendant would be bound by his plea agreement. In his untimely motion to withdraw, the defendant did not claim that the court misled him with regard to his right to withdraw his plea. He sought permission to withdraw his plea, instead, on the grounds that his counsel's representation was ineffective and that his counsel had pressured him into making his plea. In other words, the defendant sought to withdraw a plea that, by all indications, he fully understood. His complaint that the court misled him with regard to his ability to withdraw his plea is of a nature different from a claim that a defendant did not understand the circumstances under which he would be bound by his plea. The present claim does not relate to the defendant's understanding of the terms of his agreement with the state, but with his ability to withdraw a plea that he fully understood. Neither *Garvin* nor *Gordon* help the defendant's claim.

## II

The defendant next claims that the court improperly concluded that it did not have jurisdiction to grant his postsentencing motion to withdraw his plea. We conclude that the court properly declined to rule on the motion.

The record reflects that on April 24, 2003, the court held a hearing with regard to the defendant's motion to withdraw his plea. The court informed the defendant that it lacked jurisdiction to entertain the motion because the defendant filed the motion after sentencing. The defendant now claims that the court's ruling was improper because he did have the right to raise, after sentencing, the issue of whether his plea was knowing and voluntary, and the court had the jurisdiction to grant his motion.

Although the defendant couches his argument in terms of the trial court's *jurisdiction* to grant relief on

his motion, as did the trial court, the issue is not one of jurisdiction, but of the court's *authority to act.* See, e.g., *State* v. *Martin,* 197 Conn. 17, 21, 495 A.2d 1028 (1985) (describing Practice Book § 720 [now § 39-26] as restriction on "authority of a court to permit withdrawal of a plea"). Rules of practice, being neither statutory nor constitutional mandates, are an exercise of the court's authority to prescribe rules to regulate judicial proceedings and to facilitate the administration of justice. *Young* v. *Young,* 249 Conn. 482, 495, 733 A.2d 835 (1999). "Our Supreme Court has observed that there may not be any examples of rules of practice governing criminal matters that affect subject matter jurisdiction. . . . Even if a . . . Practice Book rule must be strictly construed and is mandatory, compliance with its requirements does not necessarily become a prerequisite to a court's subject matter jurisdiction." (Citation omitted; internal quotation marks omitted.) *State* v. *Rogelstad,* 73 Conn. App. 17, 35, 806 A.2d 1089 (2002). Issues concerning a court's authority to act are issues of law over which our review is plenary. See, e.g., *East Haven Builders Supply, Inc.* v. *Fanton,* 80 Conn. App. 734, 737, 837 A.2d 866 (2004).

Practice Book § 39-26 specifically prohibits the withdrawal of a plea of guilty or nolo contendere "after the conclusion of the proceeding at which the sentence was imposed." Our case law, however, has recognized an exception to this rule when it is "clear on the record that the defendant's constitutional rights were violated by an improper canvass and a failure to advise the defendant of the consequences of his plea." *State* v. *Martin,* supra, 197 Conn. 22; see also *State* v. *Schaeffer,* 5 Conn. App. 378, 386, 498 A.2d 134 (1985) ("[i]f it is apparent on the record that a defendant's constitutional rights were infringed during the plea taking proceeding or that the defendant was not advised of the consequences of his plea and was therefore denied due pro-

cess, a plea may be withdrawn even after the sentence proceeding has concluded").

The defendant's motion to withdraw does not fit within this exception. In this case, the basis of the defendant's motion to withdraw did not concern the court's plea canvass; the defendant did not assert a claim with regard to the court's advising him of the nature of the charge against him or the consequences of his plea. Instead, the basis of the motion to withdraw was that trial counsel had rendered ineffective assistance and pressured the defendant into making the plea that he did. These claims stand in contrast to the defendant's specific representations, made during the plea canvass, that the plea was being made freely and voluntarily, and that the defendant was satisfied with his attorney's advice and review of the case with him. It is clear, therefore, that the basis of the defendant's claim did not appear in the record. Accordingly, on the facts of this case, we conclude that the court properly declined to entertain the defendant's motion because it lacked the authority to do so.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The defendant, in his brief to this court, recognizes that he has the right to petition for a writ of habeas corpus concerning issues with regard to his trial counsel's representation of him in this case. The defendant asserts that any attempt to obtain relief in a habeas proceeding is (1) not likely to succeed and (2) likely to cause him delay in obtaining relief with regard to his claims. These unsupported assertions have no bearing on our analysis of the issue presented.