ISRAEL CAEZ *v.* COMMISSIONER OF CORRECTION
(AC 28277)

Bishop, Lavine and Robinson, Js.

Argued March 14—officially released May 13, 2008

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Erik T. Lohr*, former deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Israel Caez, appeals from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. The petitioner claims that his due process rights were violated by the court because he was not given jail credit pursuant to the terms of a plea agreement. We affirm the judgment of the habeas court.

On February 2, 2000, the petitioner pleaded guilty to possession of narcotics (narcotics case) in violation of General Statutes § 21a-279 (a) and was sentenced to nine months incarceration. He subsequently was arrested and charged with robbery in the first degree (robbery case) in violation of General Statutes § 53a-134 (a) (2) and several other offenses all related to the robbery. On October 2, 2000, the petitioner pleaded guilty pursuant to the *Alford* doctrine[1] to robbery in the first degree in violation of § 53a-134 (a) (2), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2), and assault in the second degree in violation of General Statutes § 53a-60 (a) (2). On October 20, 2000, the petitioner was sentenced in the robbery case to twenty

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

years incarceration, suspended after nine years, and five years probation.

On August 26, 2005, the petitioner filed a second amended petition for a writ of habeas corpus, alleging, inter alia, a violation of his constitutional right to due process because, contrary to the terms of his plea agreement, the sentencing court in the robbery case had not included a credit for 259 days of time served on his February 2, 2000 narcotics conviction as part of his sentence on the conviction in the robbery case. Following a trial, the habeas court denied his petition for a writ of habeas corpus.[2] Thereafter, the court granted the petition for certification to appeal, and this appeal followed.

The petitioner claims that his guilty plea in the robbery case was not knowing and voluntary because he did not receive credit for time served in accordance with his plea agreement, specifically, the 259 days between February 3 and October 18, 2000, representing his period of incarceration flowing from his narcotics conviction on February 2, 2000. "Due process requires that every valid guilty plea must be demonstrably voluntary, knowing and intelligent . . . . [T]he trial court judge bears an affirmative, nondelegable duty to clarify the terms of a plea agreement. [U]nless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. . . . When a defendant pleads guilty, he waives important fundamental constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers. . . . These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with

---

[2] In his second amended petition, the petitioner also raised a claim of ineffective assistance of counsel, which was dismissed by the court. That ruling has not been challenged on appeal.

the accused to make sure he has a full understanding of what the plea connotes and its consequences. . . .

"We, therefore, require the trial court affirmatively to clarify on the record that the defendant's guilty plea was made intelligently and voluntarily. . . . In order to make a knowing and voluntary choice, the defendant must possess an understanding of the law in relation to the facts, including all relevant information concerning the sentence. . . . The defendant must also be aware of the actual value of any commitments made to him by the court . . . because a realistic assessment of such promises is essential in making an intelligent decision to plead guilty. . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances. . . . [W]e conduct a plenary review of the circumstances surrounding [a] plea to determine if it was knowing and voluntary." (Citations omitted; internal quotation marks omitted.) *State* v. *Perez*, 85 Conn. App. 27, 31–32, 856 A.2d 452, cert. denied, 271 Conn. 933, 859 A.2d 931 (2004).

"[B]ecause a defendant pleading guilty pursuant to a plea agreement waives a number of fundamental constitutional rights . . . the circumstances surrounding the plea agreement must comport with due process to ensure [the] defendant's understanding of its consequences. . . . The notion of fundamental fairness embodied in due process implies that whatever promises the government makes in the course of a plea agreement to induce a guilty plea must be fulfilled." (Citation omitted; internal quotation marks omitted.) *State* v. *Rosado*, 92 Conn. App. 823, 826–27, 887 A.2d 917 (2006).

"Our Supreme Court has held that a plea agreement is akin to a contract and that the well established principles of contract law can provide guidance in the interpretation of a plea agreement. . . . Whether a

contractual provision is ambiguous presents a question of law and therefore is subject to de novo review. . . .

"[T]he primary goal of contract interpretation is to effectuate the intent of the parties . . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . [T]he government ordinarily has certain awesome advantages in bargaining power . . . . [Therefore] [b]ecause of . . . the substantial constitutional interests implicated by plea agreements, the state must bear the burden for any lack of clarity in the agreement and ambiguities should be resolved in favor of the defendant." (Citations omitted; internal quotation marks omitted.) Id., 827–28.

At the October 2, 2000 plea hearing, the prosecutor set forth the terms of the plea agreement as follows: "As we discussed in chambers, it's going to be a total effective sentence of twenty years, execution suspended after nine years, with five years probation. That would be on charges of robbery in the first degree, § 53a-134 (a) (2), five year mandatory minimum; conspiracy to [commit] robbery in the first degree; and assault in the second degree. It will be a five year concurrent sentence on the [charge of] assault in the second degree." The court thoroughly canvassed the petitioner, determined that his pleas were knowing, intelligent and voluntary, and accepted them. At no time did the petitioner disagree with the terms of the agreement as stated by the prosecutor or indicate that he was confused in any way. The petitioner also did not at any time during the plea hearing make any claim or state a belief that he would receive credit toward his robbery sentence for the time he had served on his earlier narcotics conviction.

The petitioner relies heavily on the following comment made by the court at the October 20, 2000 sentencing hearing: "You're going to get credit for what you've

served already." The habeas court concluded that this was not evidence of an agreement that the petitioner would receive credit for his time served from February 3 to October 18, 2000. We agree. In fact, the petitioner's trial counsel testified at the habeas trial that during pretrial negotiations, he had sought credit for time served on the narcotics conviction but that the court had declined to accede to that request. Furthermore, because the petitioner pleaded guilty on October 2, 2000, and the court's comment regarding jail credits was made at the sentencing hearing on October 20, 2000, it is difficult to understand the petitioner's contention that he relied on the court's comment in pleading guilty when he, in fact, pleaded guilty close to three weeks before the comment was made.[3] The record is devoid of any evidence supporting the petitioner's claim that the plea agreement entailed credit for time served. For the foregoing reasons, we conclude that the habeas court correctly determined that the petitioner's plea was made knowingly, intelligently and voluntarily, and the court, therefore, properly denied his petition for a writ of habeas corpus.

The judgment is affirmed.

---

[3] As pointed out by the respondent, the commissioner of correction, the record offers an unambiguous explanation for the court's comment at the October 20, 2000 sentencing hearing that the petitioner would be receiving credit for time he had served because, by the date of sentencing, he had completed his narcotics sentence and had been held, albeit for only a few days, in custody after completion of the narcotics sentence and before sentencing on the robbery conviction. Thus, the court's observation that

the petitioner would receive some jail time credit was factually and legally correct.