******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DAVID CHRISTENSEN
(AC 36706)

Gruendel, Mullins and Dupont, Js.

*Argued March 3—officially released May 12, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Blawie, J. [motion to suppress]; Devlin, J.
[request to enter conditional plea of nolo contendere;
judgment].)

*Dante R. Gallucci*, for the appellant (defendant).

*Adam E. Mattei*, deputy assistant state's attorney,
with whom, on the brief, were *John C. Smriga*, state's
attorney, *Cornelius P. Kelly*, supervisory assistant
state's attorney, and *Iacopo Lash*, certified legal intern,
for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, David Christensen, appeals from the judgment of conviction, rendered after a plea of guilty to one count of possession of child pornography in the first degree in violation of General Statutes § 53a-196d.[1] On appeal, the defendant claims that the trial court improperly (1) denied his motion to suppress and (2) denied his conditional plea of nolo contendere. The state argues that both claims are unreviewable on appeal because the defendant waived these claims when he entered a voluntary and intelligent plea of guilty. We agree with the state and affirm the judgment of the trial court.

The following facts were found by the court. The defendant was investigated by the Connecticut State Police Computer Crime and Electronic Evidence Laboratory for trafficking in images of child pornography. The investigation began after records were obtained from the defendant's Internet service providers through ex parte court orders.

On January 22, 2013, state police executed a search of the defendant's apartment. The police entered the defendant's residence and notified him that they were there to execute a search warrant. David Aresco, a state trooper, did not tell the defendant that he was under arrest, nor did Aresco tell the defendant that he was not free to leave. Aresco, however, did ask the defendant if he had been doing anything on his computer that would explain the police presence. The defendant responded: "very bad things." While other police officers searched the house, the defendant agreed to be interviewed in Aresco's police cruiser. The defendant was seated in the front passenger seat and Aresco read aloud a police form titled "Notice and Waiver of Rights." Included in this form was a recitation of the defendant's *Miranda* rights.[2] The defendant initialed and signed the form, acknowledging that he "understand[s] [his] rights and waive[s] them freely and voluntarily with no threats or promises made to [him]."

Once he signed the form, the defendant freely admitted to Aresco that he had used peer to peer or "P2P" filing sharing on his computer to search for, download, and share images of child pornography. While the two sat in the police cruiser, Aresco wrote a two page written summary of what the defendant had told him. The defendant later agreed to a polygraph examination, which was conducted by another state trooper. After the polygraph was completed, the defendant reviewed the written statement, acknowledged that it was accurate and truthful, and signed it after making a few minor corrections.

The results of the police search revealed digital evidence of child pornography on computer equipment found in the defendant's apartment. The defendant sub-

sequently was placed under arrest and charged with possession of child pornography in the first degree.

On June 17, 2013, the defendant filed a motion to suppress the following evidence: (1) a verbal statement made by the defendant to the police at his residence, (2) verbal statements made by the defendant to the police in the police cruiser, and (3) the written statement signed by the defendant at the state police station. In November, 2013, the court denied the motion. In denying the motion to suppress with respect to the first statement, the court concluded that the defendant had failed to establish that he was in police custody when he made the initial statement in his apartment. In denying the motion to suppress as to the second set of statements, the court concluded that those statements were made after the defendant had been fully advised of his *Miranda* rights. Finally, the court denied the motion to suppress as to the written statement after finding no evidence of deceptive or coercive police tactics and that the defendant was fully cooperative when he choose to provide the written statement.

On December 16, 2013, the defendant filed a conditional plea of nolo contendere pursuant to General Statutes § 54-94a.[3] Pursuant to § 54-94a, a defendant may seek a plea of nolo contendere conditional on the right to appeal the court's denial of a motion to suppress. In order for the statute to be applicable, the court must determine that the motion to suppress "would be dispositive of the case." General Statutes § 54-94a. The defendant argued that if his statements were excluded from evidence, the state would not be able to prove his guilt beyond a reasonable doubt. In support of his position, the defendant stated that he repaired various computers at his home and that the Internet protocol address listed on the police search warrant did not match his personal computer. On December 17, 2013, the court denied the defendant's request to enter a conditional plea under § 54-94a on the basis that the ruling on the motion to suppress would not be dispositive on the case. Specifically, the court found that even if the motion to suppress was granted, the state would continue to pursue the charge against the defendant using evidence of child pornography on the computer found in the defendant's home, as well as the fact that, during the execution of the search warrant, police observed child pornography being actively downloaded on that computer.

On January 13, 2014, the defendant, after withdrawing his prior plea, accepted a plea agreement and pleaded guilty to one count of possession of child pornography in the first degree in violation of § 53a-196d. In entering his guilty plea, the defendant acknowledged that he would be sentenced to between five and nine years of imprisonment, to be determined by the court. At the sentencing hearing, the defendant's counsel urged the

court to consider the fact that the defendant had been cooperative throughout the process. He stated that the defendant "accept[ed] responsibility . . . from the beginning" and that he hoped the court would "take that into consideration." The court stated that it had considered the defendant's lack of a prior criminal record, that he had been cooperative with the police, and that he had never engaged in direct contact with any children. The court then sentenced the defendant to the mandatory minimum sentence of ten years of incarceration, suspended after five years, followed by ten years of probation with special conditions. This appeal followed.

On appeal, the defendant asserts two claims. First, he argues that the court improperly denied his motion to suppress the statements he had made to the police officers prior to his arrest. Specifically, he claims that his original statement was inadmissible because it was made while he was in police custody, but before he was issued a *Miranda* warning. He further argues that his subsequent verbal and written statements were inadmissible under the fruit of the poisonous tree doctrine. His second claim is that, after denying his motion to suppress, the court improperly denied his request to enter a conditional plea of nolo contendere.[4] Specifically, the defendant claims that the court erred when it ruled that his motion to suppress was not dispositive and, therefore, he had not met the statutory criteria required for a conditional plea of nolo contendere. The state argues that both claims were waived by the defendant when he subsequently entered a plea of guilty. We agree with the state, and conclude that the defendant's claims have been waived.

We now set forth the legal principles that guide our resolution of this appeal. "As a general rule, an unconditional plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings.[5] *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); *Parker* v. *North Carolina*, 397 U.S. 790, 90 S. Ct. 1458, 25 L. Ed. 2d 785 (1970); *McMann* v. *Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Brady* v. *United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *State* v. *Martin*, 197 Conn. 17, 25, 495 A.2d 1028 (1985); *Consiglio* v. *Warden*, 160 Conn. 151, 166, 276 A.2d 773 (1970). Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable after a plea of guilty or nolo contendere. *Boykin* v. *Alabama*, 393 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Godek*, 182 Conn. 353, 357, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); see also Practice Book § 712 [now § 39-20]."[6]

(Emphasis omitted; footnotes altered.) *State* v. *Madera*, 198 Conn. 92, 97–98, 503 A.2d 136 (1985). In addition, "[i]t is not necessary for the trial court to canvass the defendant to determine that [he] understands that [his] plea of guilty or nolo contendere operates as a waiver of any challenge to pretrial proceedings." (Internal quotation marks omitted.) *State* v. *Johnson*, 253 Conn. 1, 42, 751 A.2d 298 (2000).

"In general, the only allowable challenges after [an unconditional] plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." (Internal quotation marks omitted.) *State* v. *Hanson*, 117 Conn. App. 436, 456, 979 A.2d 576 (2009), cert. denied, 295 Conn. 907, 989 A.2d 604, cert. denied, 562 U.S. 986, 131 S. Ct. 425, 178 L. Ed. 2d 331 (2010). Claims regarding a motion to suppress or a conditional plea are not jurisdictional in nature. See *State* v. *Madera*, supra, 198 Conn. 98 n.6 (jurisdictional defects are "those which would prevent a trial from occurring in the first place" such as challenges related to double jeopardy, court's subject matter jurisdiction, or constitutionality of criminal statute). In this case, the defendant's claims are both nonjurisdictional and unrelated to the validity of his guilty plea. Thus, the defendant waived his right to raise these claims on appeal when he knowingly and voluntarily entered his guilty plea. We therefore decline to review the merits of the defendant's claims.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 53a-196d (a) provides in relevant part: "A person is guilty of possessing child pornography in the first degree when such person knowingly possesses (1) fifty or more visual depictions of child pornography . . . ."

[2] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[4] After the court denied the request for a conditional plea, the defendant withdrew his prior plea and entered a plea of guilty. Accordingly, we do not consider the merits of whether the denial of a conditional plea, under § 54-94a, is a final judgment for purposes of appellate review.

[5] On appeal, the defendant does not claim that his guilty plea was made unintelligently or involuntarily.

[6] Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

[7] In declining review of the defendant's claim, we note the existence of a rare exception to our general rule of unreviewability when good cause is

established. See, e.g., *State* v. *Revelo*, 256 Conn. 494, 503, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001) (case presented rare exception to general rule of unreviewability of claims following plea of nolo contendere); *State* v. *Chung*, 202 Conn. 39, 44–45, 519 A.2d 1175 (1987) (invoking supervisory authority to review claim not within purview of § 54-94a). This is not such a case.

———————————————