## STATE OF CONNECTICUT *v.* ARIEL FALCON
## (AC 20475)

Lavery, C. J., and Schaller and Peters, Js.

Argued November 27, 2001—officially released April 2, 2002

*Matthew J. Collins*, for the appellant (defendant).

*Melissa L. Streeto*, special deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Kevin D. Lawlor*, assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Ariel Falcon, appeals from the judgment of conviction, rendered after a jury trial, of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. The dispositive issue on appeal is whether the trial court committed plain error when it presided over this case after having

participated actively in pretrial plea negotiations.[1] We reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. In October, 1997, the defendant was charged with criminal possession of a pistol or revolver pursuant to § 53a-217c. In December, 1997, the state's attorney and defense counsel met with the trial judge, *Grogins, J.*, for a judicial pretrial conference. The state's attorney made an offer to defense counsel for a sentence of five years imprisonment, execution suspended after three years served and five years probation with a presentence investigation and a right to argue for a lesser sentence. The court suggested that the state's offer include a cap of thirty-six months on the time to be served and a right reserved by the defendant to argue for a lesser sentence. The state's attorney accepted the court's suggestion. The defendant, however, rejected the plea agreement. Nearly two years later, in October, 1999, Judge Grogins presided over the trial where a jury found the defendant guilty. In December, 1999, the court sentenced the defendant to five years imprisonment, execution suspended after forty months, which was more than the thirty-six month cap offered to the defendant during plea negotiations in December, 1997. At no time did the defendant move to disqualify the trial court or call to the court's attention its earlier involvement in the case. There is no indication in the record that the trial court itself was aware of its earlier involvement at the plea negotiating stage.

The defendant claims that because the court improperly failed to recuse itself from presiding at the trial and sentencing after having earlier participated in pre-

---

[1] The defendant raised two additional claims, which we do not reach in view of our resolution. The defendant claimed that the trial court improperly (1) instructed the jury on operability and barrel length of the firearm and (2) marshaled the evidence.

trial plea negotiations, he was deprived of his constitutional right to a fair trial pursuant to the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut.[2]

The defendant failed to preserve this claim and requested our review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). To avoid deciding the constitutional claim raised by the defendant, we determined that a nonconstitutional ground existed with regard to whether it was plain error for the trial court to preside over this case after having participated actively in plea negotiations. We conduct a plain error review rather than *Golding* review because "[t]his court has a basic judicial duty to avoid deciding a constitutional issue if a nonconstitutional ground exists that will dispose of the case." (Internal quotation marks omitted.) *State* v. *Washington*, 39 Conn. App. 175, 176–77 n.3, 664 A.2d 1153 (1995).

The state argues that we should not review the defendant's claim because the defendant failed to preserve his claim by filing a motion for disqualification or requesting plain error review. While the state is correct in asserting that we generally do not review claims that have not been adequately preserved for appeal, "our sua sponte invocation of plain error review is warranted when the following requirements are satisfied: (1) we discuss the rule and articulate why it is appropriate;

---

[2] The fifth amendment to the United States constitution provides in relevant part: "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."

The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

Article first, § 8, of the constitution of Connecticut provides in relevant part: "No person shall be . . . deprived of life, liberty or property without due process of law . . . ."

and (2) we give the parties an opportunity to brief the issue." Id., 179.

After oral argument, this court sua sponte raised the issue of whether, under the circumstances of this case, it was plain error for the trial judge to preside over this case after having actively participated in pretrial plea negotiations. The parties filed supplemental briefs, as directed by this court, addressing the issue.

"It is well established that plain error review is exercised in only the most limited of circumstances. Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and *public confidence in the judicial proceedings*." (Emphasis in original; internal quotation marks omitted.) Id. We conclude that plain error review is warranted because the impropriety of a court presiding over the trial and sentencing after having actively participated in pretrial plea negotiations is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.

"Our Supreme Court has stated that a trial court's failure to follow the mandatory provisions of a statute prescribing trial procedures or to follow a procedural rule constitutes plain error. *State* v. *Johnson*, 214 Conn. 161, 171 n.10, 571 A.2d 79 (1990); *State* v. *Pina*, 185 Conn. 473, 482, 440 A.2d 962 (1981). *State* v. *Robins*, 34 Conn. App. 694, 706, 643 A.2d 881 (1994), aff'd, 233 Conn. 527, 660 A.2d 738 (1995)." (Internal quotation marks omitted.) *State* v. *Tinsley*, 59 Conn. App. 4, 18, 755 A.2d 368, cert. denied, 254 Conn. 938, 761 A.2d 765 (2000). "Canon 3C (1) of the Code of Judicial Conduct requires a judge to disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. The reasonableness standard is an objective one. Thus, the question is not only whether

the particular judge is, in fact, impartial but whether a reasonable person would question the judge's impartiality on the basis of all the circumstances. . . . *Even in the absence of actual bias, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned, because the appearance and the existence of impartiality are both essential elements of a fair exercise of judicial authority.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Webb*, 238 Conn. 389, 460–61, 680 A.2d 147 (1996).

Although pretrial plea negotiations play a critical role in the criminal justice system and the disposition of charges after plea discussions is highly desirable, judicial participation in pretrial plea negotiations frequently has been criticized. *State* v. *Revelo*, 256 Conn. 494, 505–506, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001); see also *State* v. *Washington*, supra, 39 Conn. App. 180–81. In fact, "many jurisdictions bar judges from active participation in plea negotiations." *State* v. *Revelo*, supra, 506 & n.22, citing Fed. R. Crim. P. 11 (e) (1); Colo. Rev. Stat. § 16-7-302 (1) (2000); Wash. Rev. Code Ann. § 9.94A.080.

In Connecticut, however, "[i]t is a common practice . . . for the presiding criminal judge to conduct plea negotiations with the parties. If plea discussions ultimately do not result in a plea agreement, the trial of the case is assigned to a second judge who was not involved in the plea discussions and who is unaware of the terms of any plea bargain offered to the defendant. The judge responsible for trying the case also is responsible for sentencing the defendant in the event the defendant is convicted after trial." *State* v. *Revelo*, supra, 256 Conn. 508 n.25. "[A]s long as the defendant is free to reject the plea offer [made after negotiations conducted by one judge] and go to trial before a [second] judge who was not involved in or aware of those

negotiations, [the defendant] is not subject to any undue pressure to agree to the plea agreement, and the impartiality of the judge who will sentence him in the event of conviction after trial is not compromised." (Internal quotation marks omitted.) Id., 507–508, quoting *Safford* v. *Warden*, 223 Conn. 180, 194 n.16, 612 A.2d 1161 (1992).

We conclude that the court committed plain error when it presided over the defendant's trial and sentencing after having participated actively in pretrial plea negotiations. The record discloses that the court negotiated actively with the defendant and state's attorney to reach an acceptable plea bargain when the court suggested, and the state agreed, that the state's offer include a cap and a right to argue for a lesser sentence. Although the record does not reflect that any of the participants in the trial, including the court itself, were aware of the previous involvement some two years earlier, actual prejudice is not required. See, e.g., *State* v. *Webb*, supra, 238 Conn. 460–61; see also *State* v. *Washington*, supra, 39 Conn. App. 182. We conclude that the existence of impartiality might reasonably be questioned and the fairness and integrity of and public confidence in the judicial proceeding affected when a court presides over the trial and sentencing after participating actively in plea negotiations. In such a situation, as is the case here, the appearance of a fair trial has been lost and a new trial is warranted. See, e.g., *State* v. *Washington*, supra, 182.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.