## STATE OF CONNECTICUT *v.* ARIEL FALCON
(AC 23782)

Lavery, C. J., and West and DiPentima, Js.

Argued April 20—officially released August 10, 2004

*Steven B. Rasile,* special public defender, for the appellant (defendant).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's attorney, and *Kevin D. Lawlor,* assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The dispositive issue in this appeal is whether a trial court has jurisdiction to consider a motion to withdraw a guilty plea when, on the same day of the plea, the defendant was sentenced to time served. We conclude that the court properly determined that it was without jurisdiction to consider the merits of the motion to withdraw. Accordingly, we affirm the judgment of the trial court.

The relevant procedural facts are undisputed. On October 25, 1999, the defendant, Ariel Falcon, was convicted, after a jury trial, of one count of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. The court sentenced the defendant to five years imprisonment, execution suspended after four years, and five years of probation. He appealed from his conviction, and on April 2, 2002, the conviction was reversed on the ground that it was plain error for the trial judge to preside over the case after having actively participated in the pretrial plea negotiations. See *State* v. *Falcon,* 68 Conn. App. 884, 886, 793 A.2d 274, cert. denied, 260 Conn. 924, 797 A.2d 521 (2002).

On August 7, 2002, pursuant to this court's remand order, the case was restored to the Superior Court docket. The defendant requested and was granted a one month continuance to September 4, 2002. At that time,

counsel requested another continuance on the grounds that (1) he was not properly prepared for trial and (2) the defendant had significant medical issues that needed to be addressed. The court granted the request, marked the case ready for a jury trial and continued the matter to October 9, 2002.[1] On that date, the defendant requested another continuance, stating that he was scheduled for surgery the following week and that he would need one month to recuperate. The court denied the request for a continuance and, at the defendant's request, the matter was passed.

Later that day, the defendant entered a guilty plea, under the *Alford*[2] doctrine, to criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. He was properly canvassed, sentenced to time served without probation and released.[3]

On October 24, 2002, the defendant, appearing pro se, filed a motion to withdraw his guilty plea, a motion to open the criminal matter and a motion to oppose the state's filing of a part B information to enhance his penalty as malicious, vindictive and selective prosecution. On December 6, 2002, the court, *Cremins, J.*, dismissed the motion to withdraw the plea because the defendant had demonstrated no clear constitutional violation and because, pursuant to Practice Book § 39-

---

[1] On September 10, 2002, the state filed a part B information charging the defendant with being a persistent serious felony offender, in violation of General Statutes § 53a-40 (c). The part B information was not addressed at the disposition and presumably, that charge was nolled.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] We note that the completion of the sentence does not render the defendant's appeal moot because the defendant may be subject to collateral legal consequences as a result of the conviction. See *Sibron* v. *New York*, 392 U.S. 40, 53–55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968); see also *Barlow* v. *Lopes*, 201 Conn. 103, 112, 513 A.2d 132 (1986) ("[i]t is well established that since collateral legal disabilities are imposed as a matter of law because of a criminal conviction, a case will not be declared moot even where the sentence has been fully served").

26, a defendant may not withdraw his plea after the conclusion of the proceedings at which the sentence was imposed. This appeal followed.

Seeking review of his unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), the defendant argues that the court improperly concluded that it lacked jurisdiction to consider his motion to vacate his plea after the sentence was imposed and executed.[4] The defendant asserts that because his plea and sentence occurred contemporaneously, he was denied his right to withdraw his plea pursuant to Practice Book § 39-27.[5] Here, the record is adequate for review, and the defendant's claim alleges a violation of due process and is therefore of constitutional magnitude. See *State* v. *Webb*, 62 Conn. App. 805, 811, 772 A.2d 690 (2001). His claim must fail, however, as no constitutional violation exists that deprived him of a fair trial.

While the parties frame the issue in terms of jurisdiction, the question is properly described as whether the court has the authority to grant relief on the defendant's motion. See, e.g., *State* v. *Martin*, 197 Conn. 17, 20–21, 495 A.2d 1028 (1985) (describing Practice Book § 720 [now § 39-26] as restriction on authority of court to permit withdrawal of plea). We therefore consider our jurisprudence limiting a court's authority to hear a motion to withdraw a plea after a sentence has been imposed. Because this raises an issue of law, our review

---

[4] The defendant also claims that the court improperly found that his plea was entered knowingly, voluntarily and of his own free will, as his plea was entered into as a result of prosecutorial vindictiveness and the defendant's medical condition. Because of our resolution of the first issue, we need not address that claim.

[5] The defendant does not claim that the court conducted an improper canvass by failing, pursuant to *Boykin* v. *Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), to advise him that his plea operated as a waiver of his constitutional right to a jury trial, his privilege against self-incrimination and the right to confront his accusers.

is plenary. *AvalonBay Communities, Inc.* v. *Planning & Zoning Commission*, 260 Conn. 232, 239–40, 796 A.2d 1164 (2002).

Rules of practice are not statutory or constitutional mandates, but they reflect the courts' authority to "prescribe rules to regulate their proceedings and facilitate the administration of justice . . . ." (Internal quotation marks omitted.) *Young* v. *Young*, 249 Conn. 482, 495, 733 A.2d 835 (1999). Indeed, our Supreme Court has noted that there may not be any rules of practice governing criminal matters that affect subject matter jurisdiction. *State* v. *Carey*, 222 Conn. 299, 307, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994); see *State* v. *Rogelstad*, 73 Conn. App. 17, 35, 806 A.2d 1089 (2002). "Even if a . . . Practice Book rule must be strictly construed and is mandatory, compliance with its requirements does not necessarily become a prerequisite to a court's subject matter jurisdiction." *State* v. *Carey*, supra, 310.

As noted previously, the court's authority in considering a motion to withdraw a plea has restrictions. "The failure of the defendant to make a motion to withdraw his plea before the conclusion of the proceeding at which the sentence was imposed ordinarily precludes review of claimed infirmities in the acceptance of a plea." *State* v. *Schaeffer*, 5 Conn. App. 378, 385, 498 A.2d 134 (1985); see also Practice Book § 39-26.

Under limited circumstances, a defendant may withdraw a plea after the conclusion of the sentencing proceeding. "Postsentence attacks on the voluntary and intelligent nature of a plea . . . may be made if the defendant has not been made aware of the true nature of the charge against him because the court failed to apprise him of a crucial element of the charge; *State* v. *Childree*, [189 Conn. 114, 119, 454 A.2d 1274 (1983)]; or if the court failed to explain to the defendant his

plea operated as a waiver of constitutional rights. *State v. Anonymous (1980-9)*, 36 Conn. Sup. 578, 421 A.2d 557 (1980). If it is apparent on the record that a defendant's constitutional rights were infringed during the plea taking proceeding or that the defendant was not advised of the consequences of his plea and was therefore denied due process, a plea may be withdrawn even after the sentence proceeding has concluded." *State v. Schaeffer*, supra, 5 Conn. App. 385–86.

The defendant relies in particular on *State v. Anonymous (1980-9)*, supra, 36 Conn. Sup. 578, for the proposition that "the prohibition against withdrawing the guilty plea after the conclusion of proceedings at which the sentence was imposed . . . does not apply [where the judgment and plea occurred contemporaneously]." (Citation omitted; internal quotation marks omitted.) Id., 579–80. The reasoning, arising out of different facts, is inapposite to the present case. Specifically, in *Anonymous (1980-9)*, the trial court failed to advise the defendant that his plea constituted a waiver of some of his constitutionally protected rights. Id., 581–82. Indeed, *State v. Martin*, supra, 197 Conn. 17, makes clear that *Anonymous (1980-9)* was limited to situations in which "the defendant's constitutional rights were violated by an improper canvass and a failure to advise the defendant of the consequences of his plea." Id., 22. Here, the court advised the defendant of the nature of the charge against him and explained to him that his plea operated as a waiver of certain constitutional rights. The defendant has thus failed to demonstrate that an exception to Practice Book § 39-26 applies.

The defendant further argues that the court never relinquished jurisdiction because he never was transferred to the custody of the commissioner of correction. We have found no case law to support that proposition.

This court has articulated that "we must recognize society's interest in the finality of judgments; see *Sum-*

*merville* v. *Warden,* 229 Conn. 397, 428, 641 A.2d 1356 (1994); and the concept of inspiring confidence in the integrity of our procedures." *State* v. *Mollo,* 63 Conn. App. 487, 492, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). Consistent with that principle, in the absence of statutory or constitutional provisions, a trial court lacks jurisdiction to vacate or to modify a criminal judgment after the execution of a sentence. *State* v. *Luzietti,* supra, 230 Conn. 432.

The defendant relies on dicta from *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446 (1992), as set forth in *State* v. *Walzer,* 208 Conn. 420, 424–25, 545 A.2d 559 (1988), for the proposition that the jurisdiction of the trial court ends when a prisoner is taken into the custody of the commissioner of correction. That reliance is misplaced. The defendant in *Walzer* was sentenced to a term of six years incarceration to run consecutively to an unrelated federal sentence he was then serving. Id., 421. He filed a motion to modify the sentence prior to the conclusion of his federal sentence. The Supreme Court held that the trial court no longer had jurisdiction after the judgment mittimus had issued, even though the defendant had not yet been taken into custody by the commissioner of correction at the time of the motion. Id., 430. Moreover, in this case, following the defendant's reasoning, a final judgment would be limited to cases in which a defendant was sentenced to incarceration and would preclude finality with the imposition of a suspended sentence, probation, conditional or unconditional discharge, or the imposition of a fine. Such a construction would undermine the societal interest in the finality of judgments, and the defendant's position is therefore impracticable.

The defendant finally argues that the trial court retained jurisdiction over him for four months after the disposition date, pursuant to *State* v. *Wilson,* 199 Conn. 417, 437–38, 513 A.2d 620 (1986), which extended the

four month rule of Practice Book § 326, now § 17-4, to criminal judgments. *Wilson* addressed a motion for articulation, however, and not a motion to withdraw a plea after the imposition of a sentence. *State* v. *Wilson,* supra, 437–38. Indeed, in *State* v. *Smith,* 19 Conn. App. 646, 650, 563 A.2d 1034, cert. denied, 213 Conn. 806, 567 A.2d 836 (1989), we expressly excluded motions to withdraw pleas from the four month rule by declining to extend *Wilson* to those circumstances. Id. Moreover, "*Wilson* does not apply when there is a specific criminal rule on point." *State* v. *Tuszynski,* 23 Conn. App. 201, 207, 579 A.2d 1100 (1990). Here, Practice Book § 39-26 specifically delineates the parameters of the withdrawal of a plea. We thus conclude that the four month rule is inapplicable in this case.

We conclude that the trial court had neither the authority nor jurisdiction to hear the defendant's motion to withdraw his plea and, accordingly, affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.