STATE OF CONNECTICUT *v.* JASON DEVIVO
(AC 28304)

DiPentima, Harper and Dupont, Js.

Argued November 27, 2007—officially released March 25, 2008

*Elena R. Goldstein,* with whom, on the brief, was *H. Daniel Murphy,* for the appellant (defendant).

*Jessica Probolus,* special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Ronald Dearstyne,* senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Jason DeVivo, appeals from the judgment of the trial court dismissing his motion to vacate his guilty plea.[1] The defendant claims that the court did not lack jurisdiction to hear the motion and that, had the court heard his motion, he would have prevailed on the merits. We affirm the judgment of the trial court.

The following procedural facts are relevant to our analysis. On February 1, 2002, the defendant pleaded guilty to operating a motor vehicle while under the influence of intoxicating liquor or drugs as a second offender in violation of General Statutes § 14-227a and to operating a motor vehicle while his operator's license was under suspension in violation of General Statutes § 14-215 (c). On May 10, 2002, the defendant was sentenced to a total effective term of two years incarceration, suspended after 150 days, and two years probation. On August 9, 2004, the defendant completed his sentence and probation.[2] On September 18, 2006, the defendant filed a motion to vacate his guilty plea on the ground that the plea was accepted without substantial compliance with Practice Book § 39-19,[3] the plea was

---

[1] The court ruled that *State* v. *Reid*, 277 Conn. 764, 894 A.2d 963 (2006), precluded it from considering the motion because it no longer had jurisdiction to hear the motion. The judgment file has recorded this ruling as a denial of the motion, but because the court did not reach the merits of the motion, we treat the ruling as a dismissal. See *Bee* v. *Bee*, 79 Conn. App. 783, 798–99, 831 A.2d 833 (construction of judgment is question of law for court and determinative factor is intention of court as gathered from all parts of judgment), cert. denied, 266 Conn. 932, 837 A.2d 805 (2003).

[2] Despite having served his sentence, the defendant's appeal is not moot because the defendant may be subject to collateral legal consequences as a result of the conviction. See *Barlow* v. *Lopes*, 201 Conn. 103, 112, 513 A.2d 132 (1986).

[3] Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered . . . ."

not made knowingly, intelligently and voluntarily, and the plea resulted from the denial of effective assistance of counsel in violation of his constitutional rights. A hearing on the defendant's motion was held on November 16, 2006, and at the conclusion of the hearing, the court dismissed the motion for lack of jurisdiction. This appeal followed.

The defendant's sole claim on appeal is that the court improperly concluded that the holding in *State* v. *Reid*, 277 Conn. 764, 894 A.2d 963 (2006), precluded it from reaching the merits of the motion to vacate his guilty plea because it lacked subject matter jurisdiction. We disagree with the defendant.

We begin with the standard of review. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fairfax Properties, Inc.* v. *Lyons*, 72 Conn. App. 426, 431, 806 A.2d 535 (2002).

Turning to the defendant's argument that the court improperly applied *Reid*, we first look at the circumstances under which a defendant can withdraw a plea. Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."[4]

---

[4] Our Supreme Court in *Reid* recognized that a rule of practice cannot be jurisdictional because it is not a constitutional or statutory mandate. *State* v. *Reid*, supra, 277 Conn. 776 n.14. The court noted that "Practice Book § 39-26 merely recognizes the general or common-law grant of jurisdiction, regulates the procedure by which that jurisdiction may be invoked, and

Because the defendant here moved to withdraw his guilty plea not only after sentencing, but two years after he had completed his sentence, the court looked to *Reid* to determine if it had jurisdiction to decide the motion.

In *Reid*, the defendant also filed a motion to withdraw his plea, on the basis of a constitutional violation, after he had completed his sentence. *State* v. *Reid*, supra, 277 Conn. 775–77. Our Supreme Court concluded in that case that "in the absence of a legislative or constitutional grant of continuing jurisdiction, the trial court lost jurisdiction . . . when the defendant was taken in execution of his sentence and transferred to the custody of the commissioner of correction." Id., 774. Our Supreme Court stated: "The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment *before* the sentence has been executed. . . .

"In a criminal case the imposition of sentence is the judgment of the court. . . . When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution. At this point jurisdiction of the court over the prisoner terminates." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 774–75.

The *Reid* court, however, did reach the merits of the defendant's motion to vacate his plea, not because the trial court had jurisdiction over the motion, but because

acknowledges that, absent a legislative grant, jurisdiction does not continue indefinitely, once invoked, but, rather, terminates with the conclusion of the proceeding at which the sentence is imposed." *State* v. *Reid*, supra, 776 n.14.

under the "rare" and "unique" circumstances, it was appropriate for the court to invoke its infrequently exercised supervisory powers and treat the motion to withdraw as a request to file an untimely appeal from a judgment of conviction. Id., 778–79 (circumstances include fact that conviction used by federal government as basis for deportation was vacated as result of DNA testing and conviction that resulted from guilty plea was later substituted as basis for deportation). Furthermore, the court considered the defendant's unpreserved constitutional claim because the defendant affirmatively sought to have his claim reviewed under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). *State* v. *Reid*, supra, 277 Conn. 781.

In the present case, the defendant argues that *Reid* is inapposite and that the court instead should apply *State* v. *Falcon*, 84 Conn. App. 429, 853 A.2d 607 (2004) (trial court lacked authority or jurisdiction to hear motion to withdraw plea fifteen days after sentencing defendant to time served). We disagree that *Reid* is not on point, and moreover, applying *Falcon* would provide the same result for the defendant. We further note that "[a]s an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify it . . . ." *Hopkins* v. *Commissioner of Correction*, 95 Conn. App. 670, 672, 899 A.2d 632, cert. denied, 279 Conn. 911, 902 A.3d 1071 (2006). We address *Falcon* only to demonstrate that it can be read as in concert with *Reid*. The most significant factor that distinguishes the defendant's case from both *Reid* and *Falcon* is that the defendant has not requested review of his unpreserved constitutional claims under *Golding*.[5] Although this court can review unpreserved claims, "[i]t is well established . . . that parties must affirmatively seek

---

[5] The defendant's claims are unpreserved because he did not seek to withdraw his plea prior to sentencing. See *State* v. *Williams*, 60 Conn. App. 575, 577–78, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000).

to prevail under *State* v. *Golding* [supra, 213 Conn. 239–40] or the plain error doctrine [embodied in Practice Book § 60-5] and bear the burden of establishing that they are entitled to appellate review of their unpreserved constitutional claims." (Internal quotation marks omitted.) *State* v. *Reid,* supra, 277 Conn. 781.

"*Golding* is a narrow exception to the general rule that an appellate court will not entertain a claim that has not been raised in the trial court. The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . Nevertheless, because constitutional claims implicate fundamental rights, it also would be unfair automatically and categorically to bar a defendant from raising a meritorious constitutional claim that warrants a new trial solely because the defendant failed to identify the violation at trial. *Golding* strikes an appropriate balance between these competing interests: the defendant may raise such a constitutional claim on appeal, and the appellate tribunal will review it, but only if the trial court record is adequate for appellate review." (Citation omitted.) *State* v. *Brunetti,* 279 Conn. 39, 55, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007). "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances. . . . The defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned." (Internal quotation marks omitted.) *State* v. *David P.,* 70 Conn. App. 462, 474, 800 A.2d 541, cert. denied, 262 Conn. 907, 810 A.2d 275 (2002).

In both *Reid* and *Falcon*, the courts held that the trial court was without jurisdiction to consider the merits of the motion to withdraw. *State* v. *Reid*, supra, 277 Conn. 776; *State* v. *Falcon*, supra, 84 Conn. App. 430. In both cases, the appellate courts themselves considered the merits of the motion because the defendants had requested review under *Golding*. *State* v. *Reid*, supra, 781; *State* v. *Falcon*, supra, 432.[6] Moreover, even if the defendant in the present case had requested review under *Golding*, he has not argued that the circumstances of his case are rare and unique such that it would have been appropriate to invoke our supervisory powers, as was necessary in *Reid*, to reach the merits of the motion to withdraw the plea. See *State* v. *Reid*, supra, 778–79. Thus, we hold that the court properly determined that it lacked jurisdiction to consider the merits of the defendant's motion, and we decline to reach the merits of the motion because the defendant did not request review of his unpreserved constitutional claims under *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The *Falcon* court, however, did not first invoke its supervisory powers to reach the constitutional claims under the *Golding* analysis.