# STATE OF CONNECTICUT *v.* JIMMY S.*
## (AC 31600)

DiPentima, C. J., and Gruendel and Harper, Js.

Argued December 13, 2010—officially released February 22, 2011

* In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Jimmy S.*, pro se, the appellant (defendant).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Sandra L. Tullius,* former senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The pro se defendant, Jimmy S., appeals from the judgment of the trial court dismissing in part and denying in part his "motion and request for [a] reversal of plea agreement" and denying his "motion requesting court to consider additional argument and facts" in support thereof. The principal issue is whether the court properly concluded that it lacked subject matter jurisdiction to consider claims concerning the validity of his plea. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In the wake of multiple physical injuries to the defendant's infant son over the course of several months, the state, on February 2, 2009, filed a substitute information accusing the defendant of two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and risk of injury to a child in violation of General Statutes § 53-21 (a) (1). Pursuant to a plea agreement, the defendant, on February 4, 2009, pleaded guilty to two counts of risk of injury to a child under the *Alford* doctrine.[1] At that time, the court canvassed the defendant concerning his plea and, following the canvass,

---

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Under that doctrine, "a criminal defendant is not required to admit his guilt, but consents to being punished *as if he were guilty* to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Emphasis in original;

accepted the plea as "knowingly and intelligently entered with the assistance of competent counsel with full understanding of the nature and elements of the crimes charged and the possible penalties."

A sentencing hearing followed on April 30, 2009. The state recommended a sentence of twenty years incarceration, execution suspended after ten years, with five years probation. Both the defendant and his counsel spoke as to why a lesser sentence was warranted. At the conclusion of the hearing, the court imposed a sentence of twenty years incarceration, execution suspended after eight and one-half years, with five years probation, which was less than that urged by the state.

On May 21, 2009, the defendant, acting pro se, filed what he termed a "motion and request for [a] reversal of plea agreement and advisement of judicial notice," in which he sought to vacate his plea. The court dismissed for lack of subject matter jurisdiction the claims set forth therein that attacked the validity of the defendant's plea. The court denied on its merits the defendant's claim that the imposition of probation violated the plea agreement, interpreting this claim as a motion to correct an illegal sentence.[2] The defendant subsequently filed a "motion requesting court to consider additional argument and facts in support of June 11, 2009 hearing requesting reversal of plea and judicial notice," which the court denied. This appeal followed.

We first consider the issue of whether the court possessed subject matter jurisdiction to consider the defendant's motion to vacate his plea. Our review thereof is plenary. *State* v. *DeVivo*, 106 Conn. App. 641, 644, 942

internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

[2] Although the defendant represents that the court heard argument on his motion on June 11, 2009, the record before us is bereft of any evidence or transcript of that proceeding.

A.2d 1066 (2008). It is well established that "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). Likewise, Practice Book § 39-26 provides in relevant part that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

Because the defendant first moved to vacate his plea weeks after his sentence began, the court properly concluded that it lacked jurisdiction to consider any claims regarding the validity of the plea. As our Supreme Court recently reiterated, "once a defendant's sentence is executed, the trial court lacks jurisdiction to entertain any claims regarding the validity of that plea in the absence of a statute or rule of practice to the contrary." *State* v. *Das*, 291 Conn. 356, 368, 968 A.2d 367 (2009). Thus, the court lacked jurisdiction to consider the defendant's claims concerning the sufficiency of the factual basis for his plea and the alleged ineffective assistance of his counsel. See also *State* v. *Leecan*, 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

The defendant's remaining claims merit little discussion. He claims that the state at the plea hearing improperly informed the court of prior injuries suffered by the victim for which the defendant was not charged, the defendant's criminal record and the results of his polygraph examination. The defendant did not object to those statements during the plea hearing or otherwise preserve such claims for appellate review. He further has not affirmatively requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5. We thus do not consider those claims.

We also reject the defendant's claim that the imposition of consecutive sentences was unlawful. General Statutes § 53a-37 authorizes a sentencing court to impose consecutive sentences on a criminal defendant. In addition, "courts have . . . discretion to impose 'concurrent' terms, or issue a stay or 'consecutive' terms, as an incident to their judicial function." *State* v. *Leak*, 297 Conn. 524, 537–38, 998 A.2d 1182 (2010). On appeal, the defendant has provided no analysis or authority to the contrary. Accordingly, his claim fails.

The judgment is affirmed.