******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TYRICE D. EDGE
(AC 34903)

Alvord, Bear and Borden, Js.*

*Argued April 22—officially released May 20, 2014*

(Appeal from Superior Court, judicial district of Waterbury, Damiani, J. [judgment]; Cremins, J. [motion to withdraw plea].)

*Carlos E. Candal*, assigned counsel, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Tyrice D. Edge, appeals from the judgment of the trial court dismissing his motion to withdraw his guilty plea. The dispositive question is whether the court improperly concluded that it lacked jurisdiction to consider the merits of that motion. We affirm the judgment of the trial court.

The relevant facts are undisputed. In September, 2011, the defendant was arrested and charged with one count of sexual assault in the first degree in violation of General Statutes § 53a-70, one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a, and one count of risk of injury to a child in violation of General Statutes § 53-21. At the time of his arrest, the defendant was on probation following his 2001 guilty plea to certain narcotics offenses, for which he received a total effective sentence of fifteen years of imprisonment, execution suspended after eight years, with five years of probation.

Pursuant to a plea agreement, the defendant on May 11, 2012, pleaded guilty, pursuant to the *Alford* doctrine,[1] to one count of risk of injury to a child in violation of § 53-21 (a) (2). At the plea hearing, the court thoroughly canvassed the defendant concerning his plea, after which it accepted the guilty plea. When the defendant then elected to waive his right to the preparation of a presentence investigation and report, the court proceeded to sentence the defendant, consistent with the terms of the plea agreement, to a term of eighteen years of incarceration, execution suspended after five years, with ten years of probation.

The defendant thereafter filed a motion to withdraw that guilty plea on May 21, 2012. The court heard argument on the motion on June 27, 2012, during which counsel for the defendant stated that "[e]ssentially, there are two bases for the withdrawal of the plea. One is that [the defendant] advises me that he was not aware that he could not withdraw his plea once the plea was accepted. Additionally, and more importantly, [the defendant] wrote me a letter recently, indicating that at the time that he entered the pleas he was under the influence of some medication that was administered to him at Walker Correctional Institution, that he suffered from periods of anxiety, depression, confusion, delusions, disorientation, and many other side effects, making him unable to understand fully the ramifications of the guilty plea." After noting various affirmative responses of the defendant and his counsel during the plea canvass, the court ultimately concluded that it lacked jurisdiction over the matter. Accordingly, the court dismissed the motion to withdraw, and this appeal followed.

On appeal, the defendant claims that his plea "was not knowingly and intelligently entered" in violation

of his right to due process. The state responds, as a threshold matter, that the court properly determined that it lacked jurisdiction to entertain the defendant's motion to withdraw. We agree with the state.

A determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. *State* v. *DeVivo*, 106 Conn. App. 641, 644, 942 A.2d 1066 (2008). It is well established that "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). Likewise, Practice Book § 39-26 provides in relevant part that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." As our Supreme Court has explained, "once a defendant's sentence is executed, the trial court lacks jurisdiction to entertain any claims regarding the validity of that plea in the absence of a statute or rule of practice to the contrary." *State* v. *Das*, 291 Conn. 356, 368, 968 A.2d 367 (2009); see also *State* v. *Reid*, 277 Conn. 764, 776 n.14, 894 A.2d 963 (2006) ("Practice Book § 39-26 merely recognizes the general or common-law grant of jurisdiction, regulates the procedure by which that jurisdiction may be invoked, and acknowledges that, absent a legislative grant, jurisdiction does not continue indefinitely, once invoked, but, rather, terminates with the conclusion of the proceeding at which the sentence is imposed"). This bedrock principle applies with equal force to motions to withdraw guilty pleas predicated, like the one in the present case, on an alleged deprivation of a defendant's "constitutional right to due process of law because his original plea . . . was not knowing, intelligent and voluntary . . . ." *State* v. *Dyous*, 307 Conn. 299, 334–35, 53 A.3d 153 (2012). Bound by that precedent, we conclude that the court properly determined that it lacked jurisdiction over the defendant's motion to withdraw his guilty plea.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).